# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| HOWARD EDWARD HORN, )<br>    Plaintiff    )<br>)<br>v.    )<br>)<br>CAROLYN W. COLVIN, )<br>**Acting Commissioner of** )<br>**Social Security,** )<br>    Defendant.    ) | Civil Action No. 1:14cv00075<br><br>**REPORT AND<br>RECOMMENDATION**<br><br>By:   PAMELA MEADE SARGENT<br>      United States Magistrate Judge |

      Plaintiff's counsel in this social security case seeks an award of attorneys' fees pursuant to the Equal Access to Justice Act, ("EAJA"), 28 U.S.C.A. § 2412(d) (West 2006 & Supp. 2015). This case is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). As directed by the order of referral, the undersigned now submits the following report and recommended disposition.

      The plaintiff, Howard Edward Horn, filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner'), denying his claims for a period of disability and disability insurance benefits, ("DIB"), and supplemental security income, ("SSI"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. §§ 423 and 1381 *et seq.* (West 2011 & West 2012). Jurisdiction of this court exists pursuant to 42 U.S.C. § 405(g). The Commissioner answered the suit, filing the administrative record. Thereafter, on March 30, 2016, the court vacated the Commissioner's decision denying benefits and remanded Horn's claim for further evaluation pursuant to sentence four of 42 U.S.C. § 405(g). (Docket Item Nos. 24, 25.) Plaintiff's counsel filed a timely motion for an

-1-

award of attorneys' fees in the amount of $3,718.75 pursuant to the EAJA. (Docket Item No. 26) ("Motion"). After the court ordered the Commissioner to respond, counsel for the Commissioner filed a Stipulation, executed by counsel for both parties, on April 26, 2016. (Docket Item No. 28.) In this Stipulation, the parties agreed to payment of an attorney's fee in the amount of $3,000.00 to Horn's counsel under the EAJA, subject to the court's approval.

Under the EAJA, the court must award attorneys' fees to a prevailing party in civil cases such as this one against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. *See* 28 U.S.C.A. § 2412(d)(1)(A) (West 2006 & Supp. 2015). Horn is the "prevailing party" because of the remand pursuant to "sentence four" of 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The government has the burden of showing that its position was justified. *See Scarborough v. Principi*, 541 U.S. 401, 403 (2004).

The government does not dispute that its position was not substantially justified in this case, and because no special circumstances have been presented that would make an award of attorneys' fees unjust in this case, I recommend that the court find that the plaintiff is entitled to an award of EAJA fees. However, for the reasons that follow, I further recommend that the court award a fee in an amount less than that set forth in the parties' Stipulation.

The EAJA provides that the amount of fees awarded must be based "upon prevailing market rates" and must not exceed $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the

limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C.A. § 2412(d)(2)(A) (West 2006 & Supp. 2015).

Horn's counsel has submitted an itemized record of attorney time expended in this case, showing a total of 29.75 hours.[1] (Docket Item No. 26-2). As stated above, the Commissioner has not objected to the award of attorneys' fees, and the parties have executed a Stipulation to an award of EAJA fees in the amount of $3,000.00. However, using this court's case of *Chapman v. Astrue* as guidance, I find that "it is not proper to award a full attorney rate for activities that should more effectively be performed by nonlawyers." 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (citing *Spell v. McDaniel*, 824 F.2d 1380, 1401-02 (4th Cir. 1987)). Additionally, "purely clerical tasks are ordinarily part of a law office's overhead and should not be compensated for at all." *Chapman*, 2009 WL 3764009, at *1 (citing *Keith v. Volpe*, 644 F. Supp. 1312, 1316 (C.D. Cal. 1986)). In *Chapman*, this court found that it is proper to award a reduced hourly rate under the EAJA for nonattorney time spent "on the theory that their work contributed to their supervising attorney's work product, was traditionally done and billed by attorneys, and could be done effectively by nonattorneys under supervision for a lower rate, thereby lowering overall litigation costs." 2009 WL 3764009, at *1 (quoting *Cook v. Brown*, 68 F.3d 447, 453 (Fed. Cir. 1995)).

Keeping these principles in mind, an examination of the itemized record submitted by counsel in this case makes clear that some of the time should be reduced in rate or eliminated. Additionally, there are other billed activities that

---

[1] It appears that counsel has not divided the time spent in this case into attorney time and paralegal time, as his affidavit states "the time for which I have accounted in this case was performed by me personally." (Docket Item No. 26-2).

would more appropriately have been included at a nonattorney rate or are excessive. Plaintiff's counsel has claimed 1.5 hours of attorney time for conferring with Jennifer Morgan, the prior nonattorney representative, to discuss the facts of the case and possible issues on appeal. I find this request reasonable, and I recommend that the court grant the same. Counsel also claims 1.5 hours of attorney time for reviewing the ALJ's decision, the Appeals Council's action and all prior decisions. I also find this request reasonable, and I recommend that the court allow the same. Counsel claims .5 hour of attorney time for drafting the IFP application, Complaint and other initial documents and .5 hour of attorney time for reviewing and revising the Complaint, IFP application and supporting affidavits. I recommend allowing .5 hour of attorney time and .5 hour of paralegal time for these activities combined. Counsel claims .5 hour of attorney time for dictating the instructions to his assistant for scanning and filing and .5 hour of attorney time for actually filing the IFP motion, the supporting affidavits and the Complaint. I find that, even if the assistant did not know how to perform these activities, such instruction should take no longer than .25 hour. Therefore, I recommend allowing .25 hour of attorney time for this and .5 hour of paralegal time for the scanning and filing. Counsel also claims .25 hour of attorney time for receiving and reviewing e-mail notifications from the court regarding the filing of these documents, .25 hour of attorney time for receipt and review of the order granting the IFP motion, .25 hour of attorney time for receipt and review of the proposed summons from the court and .25 hour of attorney time for receipt and review of e-mail notification from the court regarding the Summonses issued for the Social Security Administration, the United States Attorney and the United States Attorney General. I recommend allowing .5 hour of attorney time for these activities combined. Counsel claims two separate entries for .25 hour of attorney time for receipt and review of the Magistrate's Consent Notice. This notice is a standard,

one-page form. A review of the docket reveals that the two notices in this case are exactly the same. Therefore, I recommend allowing .25 hour of attorney time for both of these activities combined. Counsel claims .25 hour of attorney time for receipt and review of the certified mail receipt by plaintiff. I recommend allowing .25 hour of paralegal time for this. Counsel also claims .25 hour of attorney time for receipt and review of the Commissioner's Answer. I find this request reasonable, and I recommend allowing the same. Counsel claims 3.0 hours of attorney time for receipt and review of the Administrative Transcript and .25 hour of attorney time for receipt and review of the Briefing Notice. I recommend allowing 3.0 hours of attorney time for these activities combined. Counsel claims a total of 7.0 hours of attorney time to complete the Summary Judgment Brief. This time includes 2.0 hours for meeting with Morgan to discuss issues and preparation of the Brief, 1.5 hours to meet with Morgan for further preparation of the Brief, .5 hour of time for receipt and review of Morgan's drafted Brief, 2.0 hours for meeting with Morgan to complete the Brief and 1.0 hour for review and editing of the final Brief. It is apparent from these entries that Morgan, a nonattorney, was vital in the preparation of the Summary Judgment Brief. Furthermore, as this court stated in *Chapman*, "[i]n the present context, the organization of a client's medical records is a routine and rote task. Although potentially more time consuming when performed by a nonlawyer, this task is easily handled by nonattorney staff under supervision. The benefit of a lower hourly rate should therefore accrue to the client." 2009 WL 3764009, at *2. Therefore, I recommend allowing 4.0 hours of attorney time and 3.0 hours of paralegal time for these activities combined. Counsel also claims 2.5 hours of attorney time for receipt and review of Supreme Court cases regarding IQ issues. A review of the Summary Judgment Brief reflects that the issues involved in this case were not complicated, and counsel ultimately included only one citation to a

Supreme Court case. I recommend allowing 1.5 hours of attorney time for this. Counsel further claims .5 hour of attorney time for receipt and review of an e-mail from an attorney friend regarding possible issues to raise. I find this request reasonable, and I recommend allowing the same. Counsel claims .5 hour of attorney time for filing the Summary Judgment Motion and accompanying Brief with the court. I recommend allowing .5 hour of paralegal time for this. Apparently, two motions for extension of time to file the Summary Judgment Motion and Brief were filed by the Commissioner. Counsel claims .25 hour of attorney time for each of two phone calls from defense counsel asking for these extensions, .25 hour of attorney time for receipt and review of each of the two motions for extension and .25 hour of attorney time for receipt and review of each of the two orders granting the same. The substantive portion of these two motions is approximately one page in length. Additionally, a review of the docket shows that both of these motions are identical. For these reasons, I recommend allowing 1.0 hour of attorney time for these activities combined. Counsel also claims .25 hour of attorney time for receipt and review of the Commissioner's Summary Judgment Motion and 1.0 hour of attorney time for receipt and review of the supporting brief. I find this request reasonable, and I recommend allowing the same. Counsel claims .25 hour of attorney time for receipt and review of an e-mail from Morgan with documents and information to support the Brief and 3.0 hours of attorney time for reviewing the transcript, prior orders and prepared Brief / Memo Reply Brief. Given that plaintiff's counsel already claimed time for review of the transcript, and the orders he now claims to have reviewed are "prior" orders, I recommend allowing 1.75 hours of attorney time for these activities combined. Counsel claims .5 hour of attorney time for filing the plaintiff's Reply Brief. I recommend allowing .5 hour of paralegal time for this. Counsel also claims .25 hour of attorney time for receipt and review of the order of referral to the

Magistrate Judge. This request appears reasonable, and I recommend allowing the same. Counsel claims 1.0 hour of attorney time for receipt and review of the Report and Recommendation, .5 hour of attorney time for receipt and review of the order remanding the case to the Commissioner for further development and .25 hour of attorney time for receipt and review of the judgment remanding the case. The order remanding the case and the judgment remanding the case are each standard, one page documents, which are essentially the same. Thus, I recommend allowing 1.25 hours of attorney time for these activities combined.

Based on the above reasoning, I recommend that the court not award the $3,000.00 in attorneys' fees set forth in the Stipulation. Based on the revisions stated above, the fee computation is divisible into two categories of costs: attorney time and nonattorney time. There are a total of 19.25 hours of attorney time compensable at the $125 per hour attorney rate, for a total of $2,406.25 in compensable attorney time. The remaining nonattorney activities total 5.25 hours. This court has held that an award of $75 per hour is fair compensation under the circumstances for such nonattorney time. *See Chapman*, 2009 WL 3764009, at *2 (citing *Alexander S. v. Boyd*, 113 F.3d 1373, 1377 n.1 (4th Cir. 1997) (paralegal services compensated at $65 per hour where lead counsel compensated at $225 per hour and associate counsel at $100 per hour). That being the case, the nonattorney time charges in this case total $393.75. Adding the respective attorney and nonattorney totals amounts to a total compensable fee in this case of $2,800.00[2]

---

[2] Plaintiff's counsel initially requested a fee of $3,781.75, reflecting a total of 29.75 hours at $125.00 per hour. Thereafter, the parties executed a Stipulation, agreeing to the payment of attorneys' fees in the amount of $3,000.00 for this work. However, this court is obligated under the EAJA to determine the proper fee. *See Design & Prod., Inc. v. United States*, 21 Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or

## RECOMMENDED DISPOSITION

For the foregoing reasons, I recommend that the Motion be granted, but that attorneys' fees under the EAJA in the reduced amount of $2,800.00 be awarded to plaintiff's counsel. Although this court's past practice has been to order that attorneys' fees be paid directly to plaintiff's counsel, the Fourth Circuit has recently ruled that "[a]ttorney's fees under the EAJA are [to be] awarded to the 'prevailing party,' not the attorney." *Stephens v. Astrue*, 565 F.3d 131, 140 (4th Cir. 2009). On June 14, 2010, the Supreme Court also held that such attorneys' fees are to be paid to the prevailing party. *See Astrue v. Ratliff,* 560 U.S. 586, 597-98 (2010). Thus, I recommend that attorneys' fees in the amount of $2,800.00 be paid directly to the plaintiff and sent to the business address of plaintiff's counsel. However, I further recommend that full or partial remittance of the awarded attorneys' fee be contingent upon a determination by the Government that plaintiff owes no qualifying, preexisting debt(s) to the Government. If such debt(s) exists, I recommend allowing the government to reduce the awarded attorneys' fee to the extent necessary to satisfy such debt(s).

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C.A. § 636(b)(1)(C) (West 2006 & Supp. 2015):

---

not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation.").

Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, United States District Judge.

DATED: May 17, 2016.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE

-9-

Case 1:14-cv-00075-JPJ-PMS   Document 29   Filed 05/17/16   Page 9 of 9   Pageid#: 1006